# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

KEN ROBERTS

_____

Write the full name of each plaintiff.

**19 CV 02633**

(Include case number if one has been assigned)

-against-

STARBUCKS CORPORATION

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## COMPLAINT

Do you want a jury trial?
☑ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

42 U.S.C. §1981

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
_____(Plaintiff's name)_____

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

# Ken                                Roberts

First Name              Middle Initial       Last Name

# 47 Fort Washington Ave Ste 4

Street Address

# New York                NY            10032

County, City                   State          Zip Code

# 646-549-9420            knr646@gmail.com

Telephone Number                Email Address (if available)

Page 3

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

**Starbucks Corp**

| First Name | Last Name |

Current Job Title (or other identifying information)

**Sec of State, Albany, NY**

Current Work Address (or other address where defendant may be served)

| County, City | State | Zip Code |

Defendant 2:

**see attached**

| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| County, City | State | Zip Code |

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   **152 Columbus Ave. NY, NY 10023**

Date(s) of occurrence:   **May 12, 2015 through May 24, 2017**

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

please see attached

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

$650,000 please see attached,

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 3/25/2019 | |
| --- | --- |
| Dated | Plaintiff's Signature |
| **Ken** | **Roberts** |
| First Name       Middle Initial | Last Name |
| **47 Fort Washington Ave Ste 4** | |
| Street Address | |
| **New York** | **NY** | **10032** |
| County, City | State | Zip Code |
| **646.549.9420** | **knr646@gmail.com** |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☑ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

rev. 2/9/15

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

**Roberts, Ken**
_____
Name (Last, First, MI)

47 Ft Washington Ave Ste 4   New York          NY              10032
_____
Address                     City              State           Zip Code

646-549-9420                          knr646@gmail.com
_____
Telephone Number                      E-mail Address

_____
Date                                  Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

KEN ROBERTS,                              :

               Plaintiff,                 :

                              :

        v.                            :         **COMPLAINT**

                              :

<u>STARBUCKS CORPORATION</u>          :         *Jury Trial*

               Defendant,              :

-----------------------------------------------------------x

The complaint of the plaintiff, KEN  ROBERTS, respectfully shows and alleges as follows:

## <u>NATURE OF THE CASE</u>

1. This is an employment discrimination case, brought pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981"). The plaintiff, Ken Roberts, alleges the defendant, Starbucks, engages in employment discrimination and retaliation. Starbucks discriminatory practices include, but are not limited to, discrimination in termination, compensation, transfer, sabotage, slander. Plaintiff, Ken Roberts, seeks monetary relief from these practices; compensatory and punitive damages, restitution and an award of costs, expenses, and attorneys' fees.

## **PRELIMINARY STATEMENT:**

**2.** Defendant is a corporation with about 7000 retail stores in the US, 25,000
worldwide and $5B gross income in 2016. These retail stores sell coffee,
food and merchandise. The plaintiff, Ken Roberts, is a white (Caucasian)
male born in 1961. Plaintiff began working at the Defendants, Starbucks
located at 152 Columbus Avenue NY. NY, 10023 on about 12/12/2011 as a
barista. This store is open for business from 5:30 AM until 1:30 AM. This is a
busy, high rent, location with a high turnover of store managers (about 1 per
year). The plaintiff works shifts assigned weekly on a posted schedule,
averaging about 35 hours per week. The plaintiff works non-regular shifts
(primarily evening shifts), paid weekly. The defendant, Starbucks,
employees are referred to as 'partners' with benefits available such as
vacation, stock purchase plan, 401k, etc. Accrued vacation is paid out to
employees when they separate from the company, in their final paycheck.
Starbucks, the defendant, uses a 'Partner Resource Center' (PRC) that
employees (such as the plaintiff) and managers can contact to handle
human resource (HR) issues, concerns, etc. Employees (including the
plaintiff) are given an employee handbook that explains company policies
such as meal break rules, business conduct guidelines, etc. A 'shift
supervisor' (sometimes called 'the shift', when on duty) is a barista that
assigns breaks (meal breaks) to other baristas and handles money. Store
managers hire employees and manage a store. A district manager (DM)
manages multiple stores. A 'meal break violation' occurs when a barista has
not been assigned a 30 minute meal break within 6 hours of work (defined in
the partner handbook). The Plaintiff has contacted the PRC about meal
break violations, HR and other concerns if they arise. The PRC assesses
and solves valid concerns.

## JURISDICTION and VENUE

**3.** Jurisdiction. This Court has original jurisdiction of plaintiffs' Section 1981 claims pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

**4.** Venue is appropriate because Defendant, Starbucks employees Carrie Teeter, Gary (DM), Jennifer Scott, Shardai White, Derick Wilson, Ebony Hines, Darryl Parsons, Sherise Miller, and the plaintiff, Ken Roberts, were employed and likely reside in this courts district.

### PARTIES

**5.** Defendant, Carrie Teeter district manager (DM) (overseeing New York City stores including 0819 located at 152 Columbus Avenue NY. NY, 10023) from about November 2014 thru December 2015, hereafter known as "CARRIE".

**6.** Defendant, Gary (DM) Starbucks district manager (DM) (overseeing New York City stores including 0819 located at 152 Columbus Avenue NY. NY, 10023), from about 2012 thru November 2014 then covers for Carrie Teeter when she is out thru 2015, hereafter known as "GARY".

**7.** Defendant, Jennifer Scott, Store Manager (152 Columbus Avenue NY. NY, 10023), on about 7/15/2015, hereafter known as 'JENNIFER'.

**8.** Defendant, Derick Wilson Store Manager (152 Columbus Avenue NY. NY, 10023), from about 11/3/2014 until about 7/7/2015, hereafter known as 'DERICK'.

**9.** Defendant, Ebony Hines Store Manager (152 Columbus Avenue NY. NY, 10023), prior to 11/3/2014, hereafter known as 'EBONY'.

**10.** Defendant, Shardai White, store manager (2045 Broadway NY, NY 10023 store manager), on about 7/8/2015, hereafter known as "SHARDAI".

11. Defendant, Sherise Miller, shift supervisor (at store 152 Columbus Avenue NY. NY, 10023), on about 3/16/2015, hereafter known as "SHERISE".

12. Defendant, Darryl Parsons, barista (at store 152 Columbus Avenue NY. NY, 10023), beginning about 12/15/2014, hereafter known as "DARRYL".

## FACTS

13. On about 11/3/2014 the store manager at 152 Columbus Avenue NY. NY, 10023, (the plaintiffs' work location) changed from Ebony Hines to Derick Wilson. Derick Wilson begins staffing the store with non-white employees except for the plaintiff.

14. On about 12/15/2014 Darryl Parson began working at 152 Columbus Avenue NY. NY, 10023 as a barista.

15. On about 3/16/2015 Defendant, Sherise Miller, job title changed from barista to shift supervisor.

16. On about 5/10/15 Plaintiff, Ken Roberts, called the PRC to report a meal break violation on 4/15/15 and a co-worker, Tatiana, blocking the time-clock terminal.

17. On about 5/12/15, Sherise Miller is 'the shift' working 5pm to 1:30am and does not give Ken Roberts (plaintiff) a meal break in an 8 hour shift (5pm – 1:30 am) (violation). Ken Roberts is the only white (Caucasian) employee in the store. Co-workers are given meal breaks.

18. On about 6/7/15 Ken Roberts, the plaintiff, works with Sherise Miller, 'the shift', and Darryl Parsons, a co-worker. Ken Roberts, the plaintiff, knows his co-workers, Sherise Miller and Darryl Parsons, are having an intimate dating relationship, because they work together on a regular basis and talk about the dating. On about 6/7/15 Darryl Parsons tells Ken Roberts, the plaintiff, "I'll beat anyone's ass if they say I am dating Sherise." The plaintiff is aware

there are no other people that know about the intimate dating relationship between Darryl Parsons and Sherise Miller. Ken Roberts notices the hostile demeanor towards him from Sherise Miller and Darryl Parsons, since he reported a meal break violation on about 5/10/15.

19. On about 6/18/2015 plaintiff, Ken Roberts, was talking with his co-worker, while working. The shift supervisor (Sherise Miller) asked the plaintiff, Ken Roberts, "what are you talking about", The plaintiff, Ken Roberts, responds to Sherise Miller, "John is asking me if I know the lyrics to a song, I told him I don't know, so he is telling me about the song.. I don't know..". Sherise Miller responds (to Ken Roberts) "you can't say that", Ken replies, "what?, why, did someone hear us talking?", Sherise responds, firmly, "No, you can't say that word, because you are Caucasian." Ken Roberts, the plaintiff, is the only white (Caucasian) employee in the store. Sherise Miller. the shift' was nearby and could easily hear what John was talking about. The shift, Sherise Miller, purposely asked the plaintiff, Ken Roberts, this question to scold him for being Caucasian (his race) and set restrictions on what he is allowed to enjoy as an employee, such as his right to talk or to have breaks or to work there.

20. On 6/24/2015 Ken Roberts started work at 2:00 pm and assigned a meal break by the shift supervisor (Sherise Miller) at 9:40 pm (violation). Ken ended his shift at 10:30 pm. He is the only white, Caucasian employee in the store. Co-workers take a meal break within 6 hours.

21. On 6/25/2015 the plaintiff called the PRC and reported a meal break violation to Julie P. (PRC representative).

22. On 7/2/2015 PRC rep, Wendy (253-802-5551) returned plaintiffs call regarding meal break violation on 6-24-2015. Wendy said she would report the violation to Carrie Teeter (District Manager).

23. On 7/5/2015 (Sunday) Ken Roberts started work at 1:57 pm and assigned a meal break by the shift supervisor (Sherise Miller) at 8:21 pm. (violation), Ken ended shift at 10:30 pm, He is the only white, Caucasian employee in the store. Ken Roberts co-workers were assigned a meal break within 6 hours.

24. On 7/7/2015 the store manager, Derick Wilson is terminated.

25. On about 7/8/2015 Ken Roberts reports to work, removes his hat and apron from his backpack and leaves it (his backpack) in the back office. This is common. Partners have to wear a uniform, while working. They change clothes and leave some personal things, backpacks, coats, shoes, etc. in the back office while working. On about 7/8/2015, the shift supervisor, Sherise Miller has criminal intent and acts on it to increase the level of retaliation against Ken Roberts she has planned a felony burglary to sabotage Ken Roberts reputation because of his race, Caucasian, that she stated on about 6/18/15 and because he is reporting meal break violations when she does not give him a meal break within 6 hours. To retaliate with extreme prejudice, she plans out a criminal act (Felony Burglary) with Darryl Parsons as her accomplice and follows through. She assigns Ken Roberts to the cash register in the front of the store. Sherise Miller goes to the back office and watches Ken Roberts on the cash register via the security cameras. Co-worker Darryl Parsons blocks passage to the back office by standing in the hallway and being a "lookout". While, accomplice, Darryl Parsons is "standing watch",  Sherise Miller plants retail items in Ken Roberts backpack and takes pictures. When Sherise Miller finishes burglarizing Ken Roberts backpack she tries to return the backpack to its original condition with it's original contents and breaks the zipper. Sherise Miller, later, sends the pictures to Shardai White and Gary (DM) and claims the plaintiff, Ken

Roberts, is stealing from the store and also claims that her '*crime scene mock up*' is proof..

26. On 7/12/2015 (Sunday) Plaintiff, Ken Roberts, begins work at 1:10 pm, his meal break is assigned at 7:10 pm. (violation). Ken Roberts co-workers take meal breaks within 6 hours. A common retaliation tactic is to withhold the plaintiffs meal break until just before the 6 hour time limit, to punish the plaintiff for reporting the prior violation. Ken Roberts co-workers were able to take timely breaks, earlier. One of Ken Roberts coworkers, Darryl Parsons, is very confrontational and stops the plaintiff from completing tasks by blocking the dishwasher. Darryl Parsons is in an intimate, dating relationship with the shift supervisor (Sherise Miller). The plaintiff, Ken Roberts, is the only white Caucasian employee in the store.

27. On 7/19/2015 (Sunday) Plaintiff began work at 12:00 pm, meal break assigned at 6:11 pm. (violation). Co-workers take, more timely, breaks earlier, within 4 hours of their start time. Ken Roberts, is the only white Caucasian employee in the store.

28. On 7/21/2015 Plaintiff called PRC and reported 3 meal break violations and coworkers (Sherise Miller and Darryl Parsons) being confrontational.

29. On about 7/29/2015 Plaintiff was working for a co-worker (Janay Pressley). Plaintiff is on bar (making customer beverages). Co-worker, Darryl Parsons blocks the work area as he was making himself a beverage. As Ken Roberts, the plaintiff, continued working, co-worker, Darryl Parsons, said, threateningly, "*Don't reach around me*! *I'll bust you in the mouth*!". Ken Roberts, the plaintiff, responds, "you can't say that". Plaintiff asked the shift supervisor (Sherise Miller) for the new store managers' phone number (Jennifer Scott). The shift supervisor (Sherise Miller) refuses to give the new managers phone number to Ken Roberts, the plaintiff. Sherise Miller and

Darryl Parsons are the plaintiffs primary co-worker, creating a workplace permeated with discriminatory intimidation. The plaintiff, Ken Roberts, is required to call the manager (as stated in the employee handbook), because he has been threatened. The shift, Sherise Miller, is on her personal phone and replies, "it's in my phone, I can't get it". When the shift supervisor ended her call. She adds "well, you were reaching around him." The shift Sherise Miller gave an excuse, admitting that she knew Darryl Parsons, was guilty of threatening the plaintiff. The plaintiff, Ken Roberts, asks, again "May , I please have the managers phone number?" The shift supervisor, Sherise Miller, then tells the plaintiff, Ken Roberts, "*just, clock out and go home!*" The plaintiff was asked to clock out and leave because he is the only white employee, there is no  other reason for the disparate treatment other than the plaintiff, Ken Roberts, race.  The discriminatory intimidation has altered the conditions of the plaintiff, Ken Roberts, employment. Ken Roberts clocks out (as directed by 'the shift', Sherise Miller), looses compensation and the plaintiff, Ken Roberts, never works in this store again. This adverse employment action is racial discrimination, disparate treatment pursuant to the provisions of 42 U.S.C. §1981, Section 1981. The plaintiff, Ken Roberts, then calls the PRC (800-611-7792) to report the incident (Case 150-702-45).

30. On about 7/30/2015 Plaintiff was unable to contact any Starbucks managers (Carrie, Gary, Wendy, Catenn Larossa or Keiona).

31. On about 7/31/2015 5:00 pm Plaintiff, Ken Roberts, walks to the nearby Starbucks store at 2045 Broadway NY, NY 10023 because he cannot contact any managers and he is scheduled to work at 152 Columbus Ave. Ken Roberts knows he is being discriminated against because of his race. He is the only white Caucasian employee remaining at the store. He was physically threatened, and denied meal breaks and denied the new store managers phone number (Jennifer Scott) when he asked for it. When he

calls the PRC to report an illegal act (meal break violation) the retaliation gets worse, When Ken Roberts reaches 2045 Broadway NY, NY 10023 (4 blocks away), he walks to the employee office, downstairs and stops on the stairs, unnoticed, as he overhears Gary (acting DM) and Shardai White (2045 Broadway NY, NY 10023 store manager) perusing and discussing pictures on their smartphone, stating "a shift (Sherise Miller) took the pictures of Kens' backpack (the plaintiff)". The plaintiff hears...

**32.** On about 7/31/2015 Gary: "I don't care about the food."

**33.** On about 7/31/2015 Shardai: "We have the right to look in their bag, but we have to let them know."

- Shardai White admits to the crime and justifies the criminal intent and criminal action with an excuse.

**34.** On about 7/31/2015 Shardai: "We knew he was doing that when I worked there."

- Shardai White worked with the plaintiff, Ken Roberts, at 152 Columbus Ave about 2 years earlier, and now slanders the reputation of the plaintiff while she knows he was never written up or even asked about missing merchandise because he did not take anything and nothing was missing.

- Ken Roberts backs up the stairs and leaves the store.

**35.** On about 7/31/2015 Catena Larossa (Starbucks DM, 631-559-5718) called plaintiff and stated the plaintiff, Ken Roberts "should report to 70[th] and Broadway" (a different store, located at 2045 Broadway NY, NY 10023) "for any scheduled hours, for your protection". The motive for this decision is based on race. The plaintiff, Ken Roberts, is white, Caucasian. All other employees at 152 Columbus Ave NY. NY10023 store are not white, not Caucasian. The meal break violations, felony burglaries and physical threats

are motivated by race as stated by 'the shift', Sherise Miller, on about 6/18/15 when she placed restrictions on Ken Roberts, the plaintiff, because he is Caucasian. The plaintiff, Ken Roberts, has a near perfect employment record for over 3 years. This is disparate treatment motivated by racial discrimination and retaliation pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981.

36. On about 8/7/2015 Jennifer Scott (the 152 Columbus Ave new store manager) and Shardai White (store manager of 2045 Broadway NY, NY 10023 212-496-1551) meet with the plaintiff at 2045 Broadway, Jennifer Scott asked the plaintiff to complete an incident report for (A) 'meal break violations' and an incident report for (B) (the plaintiff), allegedly, 'putting food and retail merchandise in his (the plaintiffs) backpack'. Jennifer Scott continues, by saying, "partners at the store have seen this." Ken Roberts (the plaintiff) asked "what food and retail items? And what partners saw this?" Jennifer Scott replies, "I don't know what partners saw it." Shardai White adds "there were potato chips, refreshers and Kind bars". Sherise White just described items plaintiff would normally have in his backpack, purchased at other Starbucks Stores (potato chips and a refresher). Jennifer stated (incident report B) was in response to comments from other partners that the plaintiff, Ken Roberts, was putting merchandise in his backpack. Jennifer Scott refused to say when Ken Roberts was seen doing this, she refused to say who told her this and stated that she did not know of anything missing from the store. Shrdai White and Jennifer Scott are admitting they have knowledge of a felony burglary committed into Ken Roberts backpack motivated by racial discrimination and retaliation pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981, Section 1981.

**37.** 8/10/2015 Plaintiff called PRC and asked 'what is the guideline regarding partners personal belongings stored in the office while at work? PRC responded "managers and security may search for specific items."

**38.** 9/2/2015 Plaintiff called PRC and reported retaliation. Plaintiff told the PRC about Sherise Miller (shift) assigning him to the cash register and going thru his backpack, taking pictures of his (alleged) backpack with retail items and food, then sending the pictures to Gary (DM) on about 7-8-2015 and Gary (DM) having photographs on his phone. Plaintiff also referenced his Bank of America debt card being fraudulently used at Foot Locker on about 5/28/2015 and suspected it was photographed by a partner while plaintiff was at work.

**39.** 9/3/2015 The defendant, Carrie Teeter, meets with plaintiff, Ken Roberts, (at 2045 Broadway NY, NY 10023). Defendant, Carrie Teeter, reviews pages of the employee handbook with the plaintiff, Ken Roberts. These pages cover (p31-32) Drugs and Alcohol, (p35), Gifts, Harassment and Discrimination, (p36) Harassment, Complaint Procedure, Investigating and Discipline, (p37), Retaliation, Manager Responsibility, Inspections and Security Checks, (p38), Security and Personal Belongings, Inventions, Media Inquiries, Phones and Pagers, (p46), Workplace Violence, (115), Partner Markout and Discount, (p116) Partner Discount, Free Food, (p117) Perks. The defendant, Carrie Teeter, asks the plaintiff, Ken Roberts, to read aloud the section titled *Inspections and Security Checks*, (p38). Ken Roberts replies, I have read that section. Carrie Teeter reads it aloud. When Carrie Teeter finishes reading allowed, Ken Roberts repeats the last sentence in the section.. "managers and security may search for specific items. Not the shift that I just reported to the PRC for not giving me my break." Carrie Teeter is silent, realizing that the defendant, Sherise Miller, has committed a Felony Burglary motivated by racial discrimination to retaliate against the

plaintiff, Ken Roberts. This is disparate treatment pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981. Carrie Teeter is an accomplice in the felony burglary retaliation based on radial discrimination. Carrie Teeter is aware of the felony burglary and tries to justify the discriminatory action with an excuse, by reading a section in the 'Partner Handbook' implying 'the shift' has the right to setup a '*crime scene mock up*'. Carrie Teeter directs the plaintiff, Ken Roberts, to report to a different store location (2394 Broadway, NY, NY 10024) on about 9/10/2015, stating "I think you will be happier at a different store.",  a mile away. Carrie Teeter protects the defendant, Sherise Miller, leaving her in the original position and location at 152 Columbus Ave NY. NY 10023. Transferring the plaintiff, Ken Roberts, is disparate treatment pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981.

40. 9/18/2015 Plaintiff, Ken Roberts, reported to work at 2394 Broadway, NY, NY 10024, shift supervisor, Ashley Cirino sees Ken Roberts and turns her back to him and blocks the 'time clock' terminal. The plaintiff, Ken Roberts, asks "OK if I clock in?" the shift passes the keyboard over her head and remains blocking the terminal. The plaintiff, Ken Roberts, sets the keyboard down and leaves the office to clock in on a cash register. The pattern of bullying continues when the plaintiff works with the shift, Ashley.

41. On 12/20/2015 at 2394 Broadway, NY, NY 10024. A common bullying technique used by Ashley Cirino is blocking. When Ken Roberts is getting a customers pastry, Ashley will stand in front of the pastry case. When Ken Roberts is handing off a cup to the barista making drinks, Ashley will stand in front of the hand-off location. On 12/20/2015 Ken Roberts is assigned to the cash register with a co-worker on the cash register next to him (between him and the bar where Ashley is making customer drinks). Ashley Cirino is the barista making drinks and has placed a '*tube of caramel*' on the hand-off

location where the cashiers are to hand-off cups for Ashley to make drinks. This is the blocking technique Ashley uses in this situation to bully the plaintiff, Ken Roberts. The other cashier, Brandon, is new and two cups fall over as he walks away from the hand-off location. Ashley is handing off a drink to a customer and does not see Brandon set down the cup and the cups fall over. Brandon looks back and sees it, there are many customers and he returns to the cash register. Ken Roberts, the plaintiff, is working at his assigned position taking customer orders on the other cash register. The shift, Ashley Cirino, calls the plaintiff, to the bar, away from the cash register, "Roberts, get over here!". The plaintiff, Ken Roberts, stops helping customers and walks 4 steps to the bar. Ashley yells, "What is this?", Ken Roberts responds, "what is what." Ashley yells, "you knocked over my cups!" Ken responds, "why do you think I knocked your cups over?" Ashley yells, "Is this your writing?", Ken Roberts replies, "I'm going to take a break". Ken Roberts, the plaintiff, walks into the employee office. The shift, Ashley, follows the plaintiff into the office and tells him to "*clock out and go home.*" The plaintiff, Ken Roberts, clocks out and leaves the store. This is an adverse employment action pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981 because the motivating factor to transfer the plaintiff, Ken Roberts, to this store was based on race.

42. Transferring the plaintiff, Ken Roberts, from 152 Columbus Ave to 2045 Broadway was based on race. ( 35.)

43. Transferring the plaintiff, Ken Roberts, to 2394 Broadway was based on racial discrimination, retaliation and to cover-up a conspiracy and felony burglary of Ken Roberts backpack that was meant to slander the reputation of the plaintiff, Ken Roberts, who has a near perfect employment record. ( 39.)

44. The motivation factor for both transfers was racial discrimination and retaliation, disparate treatment pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981..

45. 1/7/2016 Megan Connolly, store manager (2394 Broadway, NY, NY 10024), calls the plaintiff into the back office and tells the plaintiff "The district manager (Carrie Teeter) is involved in this. You " (the plaintiff, Ken Roberts) "are suspended for an investigation into violence in the work place. Your hours have been removed from the schedule." The plaintiff, Ken Roberts, leaves the store. Defendant, Carrie Teeter, is the district manager and made this decision to terminate the plaintiff, Ken Roberts, via the store manager Megan Connolly. The motive for the decision to terminate the plaintiff, Ken Roberts, is based on race, retaliation (for race and reporting labor law violations to the PRC) and the fact the plaintiff, Ken Roberts, knows the defendants involved in the felony burglary ( 25.) of his backpack to setup a '*crime scene mock up*' in his backpack to slander the reputation of the plaintiff, Ken Roberts, and get him fired. An additional motive for terminating the plaintiff, Ken Roberts, is the fact the plaintiff, Ken Roberts, has knowledge of the defendants who conspired and were involved in the felony burglary ( 25.) including the attempt to pervert the course of justice by covering up the crime involving moral turpitude. These defendants are Carrie Teeter, Sherise Miller, Darryl Parsons, Gary (DM), Shardai White and Jennifer Scott. This adverse employment action is racial discrimination and retaliation pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981 whereas the plaintiff is asking for punitive damages.

46. On about 5/24/2017 The plaintiff is terminated from Starbucks (removed from the store schedule) after about 14 months zero hours on the store schedule at 2394 Broadway, NY, NY 10024. The plaintiff contacts Starbucks PRC and inquired about his 80 hours of vacation pay. The plaintiff, Ken

Roberts, is denied his vacation pay. Other employees get unused vacation pay in their final paycheck. Ken Roberts vacation pay is part of the employee / employer contract and was withheld to retaliate.  The plaintiff is told "it (Ken Roberts vacation pay) was used to pay Starbucks for money owed." This is an adverse employment action pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C. §1981 whereas the plaintiff seeks back-pay and punitive damages.

**FIRST CAUSE OF ACTION AGAINST STARBUCKS**

**RETALIATION** (not less than 5 counts)

      violation of 42 U.S.C. § 1981

(Item: 17, 20, 23, 25, 26, 27, 29, 39, 45, 46)


**SECOND CAUSE OF ACTION AGAINST STARBUCKS**

**RACE DISCRIMINATION** (not less than 5 count)

      violation of 42 U.S.C. § 1981

(Item: 19  20.  23.  25.  26.  27.  29.  39.  45.  46.)


**WHEREFORE,** plaintiff demands judgment against defendant in the sum of $650,000 plus interest from January 7 2016, costs and disbursements, together with any other relief the court finds to be just and proper


Dated: _3/25/2019_____


                                                   Signature
                                             Ken Roberts
                                             Plaintiff
                                   47 Ft Washington  Ave 4
                                   New York, NY 10032
                                   646-549-9420


                                             Address