UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEN ROBERTS,<br><br>    Plaintiff,<br><br> -against-<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | ECF CASE<br><br>Case No. 1:19-CV-02633-JMF<br><br>**ANSWER TO COMPLAINT** |

Defendant Starbucks Corporation ("Starbucks" or "Defendant"), by and through its counsel Littler Mendelson, P.C., for its answer to Plaintiff's Complaint responds as follows:

## NATURE OF THE ACTION

1. Deny the allegations set forth in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action under Civil Rights Act of 1866, 42 U.S.C §1981, as amended by the Civil Rights Act of 1991. Deny that Defendant engaged in any unlawful conduct that would give rise to any cause of action or entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies he seeks.

## PRELIMINARY STATEMENT

2. Deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Starbucks retail stores sell coffee, food and merchandise, Plaintiff is white, Plaintiff began working at Starbucks' 152 Columbus Avenue location as a Barista in 2011, Plaintiff worked assigned shifts, Starbucks employees are referred to as "partners" and are eligible for benefits, Starbucks utilizes a "Partner Resources Center", employees are provided a handbook, a District Manager manages multiple stores, Plaintiff has contacted the Partner Resource Center and the Partner Resource Center assesses and solves concerns.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint sets forth conclusions of law to which no response is required.

4. Paragraph 4 of the Complaint sets forth conclusions of law to which no response is required.

## PARTIES

5. Deny the allegations set forth in Paragraph 5 of the Complaint, except admit Carrier Teeter was a District Manager in 2015 and the 152 Columbus Avenue Store was in her district in 2015.

6. Deny the allegations set forth in Paragraph 6 of the Complaint, except admit Gary Files was a District Manager in 2015 and the 152 Columbus Avenue Store was in his district in 2015.

7. Deny the allegations set forth in Paragraph 7 of the Complaint, except admit Jennifer Scott was a Store Manager of 152 Columbus Avenue in 2015.

8. Deny the allegations set forth in Paragraph 8 of the Complaint, except admit that Derick Wilson was a Store Manager of Starbucks' 152 Columbus Avenue location until July 16, 2015.

9. Deny the allegations set forth in Paragraph 9 of the Complaint, except admit that Ebony Hines was a Store Manager of Starbucks' 152 Columbus Avenue location in 2014.

10. Deny the allegations set forth in Paragraph 10 of the Complaint, except admit Shardai White was a Store Manager of Starbucks' 2045 Broadway location in 2015.

11. Deny the allegations set forth in Paragraph 11 of the Complaint, except admit that Sherise Miller was a Shift Supervisor at Starbucks' 152 Columbus Avenue location in 2015.

12. Deny the allegations set forth in Paragraph 12 of the Complaint, except admit Darryl Parsons was a barista at Starbucks' 152 Columbus Avenue location.

## BACKGROUND & FACTS

13. Deny the allegations set forth in Paragraph 13 of the Complaint, except admit that Ebony Hines and Derick Wilson were Store Managers of 152 Columbus Avenue in 2014.

14. Admit the allegations set forth in Paragraph 14 of the Complaint.

15. Admit the allegations set forth in Paragraph 15 of the Complaint.

16. Deny the allegations set forth in Paragraph 16 of the Complaint.

17. Deny the allegations set forth in Paragraph 17 of the Complaint, except admit that employees are given meal breaks.

18. Deny the allegations set forth in Paragraph 18 of the Complaint.

19. Deny the allegations set forth in Paragraph 19 of the Complaint.

20. Deny the allegations set forth in Paragraph 20 of the Complaint, except admit that Plaintiff worked on June 24, 2015.

21. Deny the allegations set forth in Paragraph 21 of the Complaint.

22. Deny the allegations set forth in Paragraph 22 of the Complaint.

23. Deny the allegations set forth in Paragraph 23 of the Complaint, except admit employees are assigned meal breaks.

24. Deny the allegations set forth in Paragraph 24 of the Complaint, except admit that Derick Wilson was terminated in July 2015.

25. Deny the allegations set forth in Paragraph 25 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation Ken Roberts

"removes his hat and apron from his backpack and leaves it (his backpack) in the back office", and admit employees have to wear a uniform.

26. Deny the allegations set forth in Paragraph 26 of the Complaint, except admit Plaintiff worked on July 12, 2015.

27. Deny the allegations set forth in Paragraph 27 of the Complaint, except admit Plaintiff worked on July 19, 2015 and employees take breaks.

28. Deny the allegations set forth in Paragraph 28 of the Complaint.

29. Deny the allegations set forth in Paragraph 29 of the Complaint, except admit Sherise Miller was on her cell phone on July 20, 2015, Ms. Miller sent Plaintiff home and Plaintiff called Starbucks' Partner Resource Center.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore deny same.

31. Deny the allegations set forth in Paragraph 31 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation "Ken Roberts walks to a nearby Starbucks store at 2045 Broadway NY, NY 10023 because he cannot contact any managers."

32. Deny the allegations set forth in Paragraph 32 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff heard.

33. Deny the allegations set forth in Paragraph 33 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff heard.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint regarding what Plaintiff heard, except admit Shardai White worked with Plaintiff.

35. Deny the allegations set forth in Paragraph 35 of the Complaint, except admit Plaintiff was transferred to the 70th and Broadway location.

36. Deny the allegations set forth in Paragraph 36 of the Complaint, except admit other partners complained Plaintiff was putting merchandise in his backpack.

37. Deny the allegations set forth in Paragraph 37 of the Complaint.

38. Deny the allegations set forth in Paragraph 38 of the Complaint, except admit Plaintiff contacted PRC about Sherise Miller and Gary.

39. Deny the allegations set forth in Paragraph 39 of the Complaint, except admit Carrie Teeter met with Plaintiff to review sections of the employee handbook with him, read the sections to him and transferred Plaintiff to a new location.

40. Deny the allegations set forth in Paragraph 40 of the Complaint, except admit Plaintiff clocked in at work on September 18, 2015 at 2394 Broadway.

41. Deny the allegations set forth in Paragraph 41 of the Complaint.

42. Deny the allegations set forth in Paragraph 42 of the Complaint.

43. Deny the allegations set forth in Paragraph 43 of the Complaint.

44. Deny the allegations set forth in Paragraph 44 of the Complaint.

45. Deny the allegations set forth in Paragraph 45 of the Complaint, except admit Plaintiff was suspended while he was investigated for violating Starbucks' policy against violence in the workplace.

46. Deny the allegations set forth in Paragraph 46 of the Complaint, except admit Plaintiff was terminated in May 2017.

### FIRST CAUSE OF ACTION AGAINST STARBUCKS RETALIATION

In response to this First Cause of Action, Defendant denies all violations of 42 U.S.C § 1981.

### SECOND CAUSE OF ACTION AGAINST STARBUCKS RACE DISCRIMINATION

In response to the Second Cause of Action, Defendant denies all violations of 42 U.S.C § 1981.

### DEMAND FOR RELIEF

Deny that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause of the Complaint or to any relief of any kind from Defendant.

### GENERAL DENIAL

Defendant denies each and every allegation not specifically admitted herein including, but not limited to, the unnumbered headings in the Complaint.

### DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted and/or upon which prejudgment interest can be awarded.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, laches, and/or unclean hands.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to timely and/or properly exhaust all necessary administrative, procedural, statutory, and/or jurisdictional prerequisites for commencement of this action.

**FOURTH DEFENSE**

Plaintiff's claims are barred because the employment actions about which he complains were based on legitimate, non-discriminatory factors, and alternatively, if they were not, then the same actions would have been taken regardless.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent he failed to exercise reasonable diligence to mitigate his damages.  Alternatively, if Plaintiff did mitigate his damages, Defendant is entitled to an offset against any damages allegedly due to Plaintiff.

**SIXTH DEFENSE**

To the extent Plaintiff is seeking punitive damages, Defendant did not engage in any intentional wrongdoing, nor did they depart from any prescribed or known standard of action, nor did they engage in any willful, wanton, malicious, reckless, or egregious conduct, and, consequently, no sufficient basis exists to support a claim for punitive damages.

**SEVENTH DEFENSE**

The claims in the Complaint, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment, including any claims for recovery of medical costs or expenses allegedly incurred with any of them, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

**EIGHTH DEFENSE**

Plaintiff's injuries, suffering, and damages, if any, were caused by his own conduct and not by any legal duty Defendant owed to Plaintiff.

**NINTH DEFENSE**

To the extent that Plaintiff claims he suffered any emotional distress, there was no intent to inflict such emotional distress on Plaintiff and such distress was not severe or outrageous.

**TENTH DEFENSE**

Plaintiff is not entitled to liquidated damages or punitive damages. Defendant, at all times, acted in good faith and with reasonable grounds to believe that their own acts or omissions were not in violation of 42 U.S.C § 1981 or any other legal duty owed to Plaintiff.

**ELEVENTH DEFENSE**

Defendant engaged in good faith efforts to prevent and correct unlawful discrimination and retaliation and to comply with the applicable anti-discrimination and anti-retaliation laws.

**TWELFTH DEFENSE**

To the extent it may later be determined that any person committed unlawful acts as alleged in the Complaint, which is expressly denied, such acts were committed without the knowledge of Defendant and without Defendant's authorization, ratification or notification, and to the extent that such persons were Defendants' employees, such acts were outside the scope of any employee's duties with Defendant.  Accordingly, Defendant is not liable under the doctrine of *respondeat superior* or otherwise for the alleged unlawful acts and conduct of any such persons.

**THIRTEENTH DEFENSE**

Defendant did not know, nor should it have known, of any discriminatory or retaliatory conduct and, thus, it did not fail to take immediate and appropriate corrective actions.

**FOURTEENTH DEFENSE**

Defendant did not aid, abet, ratify, condone, encourage or approve any allegedly discriminatory conduct as alleged by Plaintiff.

**FIFTEENTH DEFENSE**

Defendant reserves the right to assert additional defenses as established by the facts of this case.

WHEREFORE, Starbucks respectfully request judgment in its favor and against Plaintiff granting the following relief:

a. Dismissing Plaintiff's Complaint in its entirety;

b. Awarding Starbucks its costs, disbursements and attorneys' fees incurred in defending this action; and

c. Any such other and further relief in Starbuck's favor as the Court deems just and proper.

Dated: July 22, 2019
New York, New York

/s/Jean Schmidt
Jean L. Schmidt, Esq.
Ivie A. Guobadia, Esq.
LITTLER MENDELSON, P.C.
900 Third Avenue, 8th Floor
New York, NY  10022
(212) 497-8486

*Attorneys for Defendant Starbucks Corporation*